ABRAHAM ROSENBERG *vs.* THE MORGAN MEMORIAL CO-OPER-ATIVE INDUSTRIES AND STORES, INCORPORATED.

Suffolk.   November 9, 1927. — January 5, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions, Requests, rulings and instructions, Verdict, New trial.  *Jury and Jurors.  Evidence,* Competency.

At the trial of an action of tort against a corporation for damage to goods in a building maintained by the defendant resulting from the bursting of a water pipe, issues were, whether the defendant was in control of the water pipes in the building and whether it was a charitable corporation. The judge instructed the jury "to first disregard the question of whether the defendant was a charitable corporation and to pass upon the question whether the plaintiff was entitled to damages aside from the charitable aspect of the case"; and, if they found for the plaintiff, they were to answer these questions:  (1) Is the defendant a charitable corporation? (2) Was the building occupied by the defendant used for the purpose of the charity?   The jury answered that the plaintiff was not entitled to damages and answered the two questions in the affirmative.  *Held,* that the finding that the plaintiff was entitled to no damages must have included a finding that the defendant was not negligent, and exceptions

to the denial of requests by the plaintiff for rulings relating to whether the defendant was a charitable corporation acting within the scope of its charity therefore had become immaterial.

On a motion for a new trial of the action above described, evidence in affidavits by jurors was not admissible to show that in their deliberations they did not consider the question of liability "apart from the two questions put to . . . [them]" and returned the verdict and answered the questions "because . . . [they] understood from the court's charge, that in the event that . . . [they] assessed damages for the plaintiff, the court would set aside . . . [their] finding."

TORT. Writ dated July 18, 1924.

In the Superior Court, the action was tried before *Macleod*, J. The course of the trial is stated in the opinion. There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*H. B. Harris*, for the plaintiff.

*J. M. Duffy*, for the defendant.

CARROLL, J. This is an action of tort to recover for damage to the plaintiff's goods, resulting from the bursting of a water pipe which supplied an hydraulic elevator on the premises occupied by the defendant corporation.

One of the issues involved was whether the defendant was a charitable corporation. The judge instructed the jury "to first disregard the question of whether the defendant was a charitable corporation and to pass upon the question whether the plaintiff was entitled to damages aside from the charitable aspect of the case"; and, if they found for the plaintiff, they were to answer these questions: "1. Is the defendant a charitable corporation? 2. Was the building occupied by the defendant used for the purpose of the charity? The jury answered that the plaintiff was not entitled to damages and answered the two questions in the affirmative."

The plaintiff asked for several rulings to the effect that the defendant was not a charitable corporation and the wrong done the plaintiff was "outside of the scope of the charity."

The question of control of the water pipes in the building was one of the issues at the trial, and as the jury found that

the defendant was not liable and that the plaintiff could not recover, the requests for rulings asked for by the plaintiff became immaterial. In finding that the plaintiff was entitled to no damages, the jury must have found that the defendant corporation was not negligent.

The plaintiff's motion for a new trial was denied. There was no abuse of judicial discretion in denying the motion. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496, 497. The plaintiff also filed an affidavit of some of the jurors indicating that the jury did not consider the question of liability "apart from the two questions put to . . . [them]" and returned the verdict and answered the questions "because . . . [they] understood from the court's charge, that in the event that . . . [they] assessed damages for the plaintiff, the court would set aside . . . [their] finding." The deliberations of a jury are in secret and cannot be disclosed. The reasons which led them to act as they did cannot be shown in evidence. *Dixon* v. *A. J. Cunningham Co.* 257 Mass. 63. There was no error in denying the motion.

*Exceptions overruled.*